INHABITANTS OF VEAZIE *versus* INHABITANTS OF HOWLAND.

Whether an agreement made by the officers of two towns, by way of settlement of a pauper suit, that a part of the pauper family should thereafter have their settlement and be supported in one of the towns, and the remainder in another, is binding on those towns, as a contract for the future support of the paupers, *quære.*

But where a portion of one of the towns affected by the agreement is incorporated into a new town, the new town is in no way bound by the stipulations of the agreement, but is at liberty to assert all its rights as to the settlement and support of any or all of the paupers.

ASSUMPSIT for supplies furnished to Mrs. Lydia A. Doe and her children, not including her two eldest children.

The defendants introduced a paper, of which the following is a copy:—

"Whereas the city of Bangor has sued the inhabitants of Howland for the support of Lydia A. Doe and her four children, and the said inhabitants of Howland contest their settlement to be in their town:—Now therefore, as a settlement of all controversy, it is agreed that said inhabitants of Howland shall now pay to said Bangor two-fifths of said city's claim, and shall take and forever hereafter save said Bangor harmless from the support of said Lydia's two oldest children,

and said city shall take and forever hereafter save said inhabitants of Howland harmless from the support of said Lydia and her two youngest children, hereby agreeing that the settlement of the said two oldest children is in said Howland, and the said Lydia and her two youngest children in Bangor, so far as the said town and city are concerned or interested, unless they shall hereafter gain another settlement.

> "John S. Chadwick, } *Overseers of the Poor*
> "Henry Hill,        } *for the city of Bangor.*
> "Wm. S. Lee, *Town Agent of Howland.*

"May 29, 1851."

Also a receipt of the overseers of the poor of Bangor for $68,93, in full discharge of all claims named in the foregoing writing.

There was no evidence of any authority in the parties who made the agreement, more than they may derive from their official position.

The town of Veazie was a part of Bangor until July, 1853, when it was incorporated as a separate town. The paupers in question never acquired any settlement in that part of Bangor, now Veazie, and did not reside there at the time of the incorporation.

The facts were reported by APPLETON, J. If the plaintiffs cannot recover for the support of such persons as Bangor undertook by the agreement to provide for, that part of the claim sued is to be struck out; otherwise, the case is to stand for trial without amendment.

*Peters* and *Mace*, for the plaintiffs.

The parties making the agreement had no power to make it. They could settle claims *in presenti*, but not *in futuro*; much less bind their principals to what amounts to a covenant of indemnity.

But if they had such power, the paper can have no more force than its terms declare. It is an indemnity, not from Veazie, but from Bangor in its corporate name and character. There is no provision binding the whole territory then in-

cluded in Bangor. How can Veazie be bound by such a contract, more than upon a note given or an account contracted by Bangor? If Veazie had been *in part only* formed out of the territory of Bangor, how could the contract be apportioned?

If the agreement of Bangor is valid, Howland can enforce it against Bangor in damages. But the statute must settle the question whether the pauper's settlement is in Veazie; and Bangor and Howland cannot settle it for Veazie.

How could Veazie know of such a contract? and that notice must be given to Bangor, although the residence of the pauper was in Howland?

*A. Knowles,* for the defendants.

The agreement between Bangor and Howland has been observed and acquiesced in more than eight years by both parties. The inhabitants of Veazie, at the date of the contract, were citizens of Bangor, and were represented by its officers, and, it is contended, were parties to the contract.

The parties signing the agreement, by their official position, had power to bind the towns they represented. Acts, not unlawful, done by municipal officers in good faith, and in execution of their functions, bind the corporations they represent. *Thayer* v. *Boston,* 19 Pick., 511; *Belfast* v. *Leominster,* 1 Pick., 123; *Augusta* v. *Leadbetter,* 16 Maine, 45.

If there is any question as to the power, the subsequent ratification is equivalent to an express authority. *Emerson* v. *Newbury,* 13 Pick., 377. That it has been so ratified, is shown by the payment made and received in pursuance of it, and by the long acquiescence of both parties. If dissatisfied, Bangor could have returned the money, and either, or both, could at least have repudiated the contract.

Veazie at that time formed a part of Bangor, and constructively received a part of the money paid by Howland, and availed themselves of the benefit of the arrangement. The rights of the parties were then fixed; and Howland has a right to insist on the fulfilment of the agreement against all

parties and privies. The terms of separation between Bangor and Howland could not in any way affect Howland, being no party to the act of separation. Howland having made a bargain with them while together, cannot be called upon to make a different bargain now they have separated.

When a town is divided, both parts are held to the responsibilities resting upon the original town at the time, as though there had been no separation, whether beneficial or otherwise. *Windham* v. *Portland*, 4 Mass., 384; *Hampshire* v. *Franklin*, 16 Mass., 86.

The opinion of the Court was drawn up by

KENT, J.—The question presented to the Court, in this case, is, whether the plaintiffs are estopped by the agreement between Bangor and Howland, from recovering for the support of such persons as by that agreement Bangor undertook to provide for.

We do not think it necessary to decide authoritatively all the questions which have been raised, in relation to the power of the parties signing the instrument, to bind their respective towns in the matters set forth; or, if binding as a contract, how far the legal settlement of the paupers is affected as between the two towns named therein. As Bangor is not a party in this suit, we cannot properly adjudicate judicially so as to bind that corporation.

As a general proposition, it is very clear that such an agreement between town officers cannot limit or control the rights of other towns. A town which furnishes needed supplies is bound to give notice only to the town in which the pauper has a legal settlement, and is not bound to know or to act upon any agreement between other towns, as to support or even settlement.

In the case of *Peru* v. *Turner*, 10 Maine, 185, it was decided, that, although, from the necessity of the case, overseers of the poor may, by virtue of their office, make contracts for the support of the poor, and transact a variety of business in relation to their regulation and employment, yet "they have

no authority, by their mere acts or declarations, to change the settlement of a pauper from one town to another, and confess away the rights of their town, and subject it to liabilities and burdens by any of their arrangements. This is no part of their duty."

If this agreement is binding on Bangor and Howland, it is as *a contract* for the future support of certain paupers, and not because by its own force it changes legal settlements. An action to enforce it must rest upon the express contract, and not upon a statute settlement.

It is admitted, that, at the time when this contract was made, the territory which is now the town of Veazie was a part of the city of Bangor; and it is contended that this fact estops Veazie from recovering for the support of those persons whom Bangor agreed to support.

It has been repeatedly held, where a new town is created out of the territory of an old one, that, without some express provision in the statute, the old town retains all its property, powers, rights, and remains subject to all its contracts, obligations and duties. The new town is a child leaving the old homestead, and setting up for itself, portionless, but free from all the contracts, debts or obligations of the parent. *Windham* v. *Portland,* 4 Mass., 384; *Hampshire* v. *Franklin,* 16 Mass., 86.

It is quite clear, that no action on this contract could be maintained against Veazie, nor could any execution issued on a judgment thereon, be levied upon the property of its inhabitants. It is a contract of Bangor, and remains a contract of that city, "however bounded." If its borders had been afterwards enlarged, the new territory and its inhabitants would have become bound by the contract. If its territory was diminished, those who are set off would be no longer within, or members of the corporation, or bound by its liabilities or contracts, provided, always, that there is no statute provision on the subject.

The new town of Veazie is an independent corporation, and its inhabitants are not debarred from asserting all their

rights, even against their mother. If a pauper of Bangor, who had been legally adjudged to be such whilst Veazie was a part of the city, should fall into distress in the new town, it would be no answer, to a claim for reimbursement, for Bangor to say,—"This pauper once had a settlement fixed in the town of which you at the time composed a part, and therefore you cannot maintain your action." And, certainly, Howland cannot set up as a defence against Veazie, when an offer is made to prove that certain paupers have a legal settlement in Howland, that Bangor agreed, when the territory of Veazie was included in its limits, to provide for the support of such paupers.

According to the agreement of the parties, *the case is to stand for trial, without amendment.*

TENNEY, C. J., and RICE, APPLETON, and MAY, JJ., concurred.